IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| RAYMOND SWEET | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:16cv1166 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Raymond Sweet, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his time credit computation. This Court referred the matter to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. Background**

Sweet received 15-year sentences for robbery and burglary in 1988. On June 8, 1992, he was convicted of aggravated assault on a correctional officer and received a 25-year sentence. After being indicted on the aggravated assault charge, a detainer hold was placed on him by Anderson County, where the assault occurred. Sweet had been up for parole consideration but this was placed on hold pending the detainer.

Although Sweet claims he was "paroled out to the detainer hold," he was denied all of his accrued flat time credits when he was sentenced for the aggravated assault. Sweet argues that he was entitled to all of his flat time credits under *Ex Parte Hatcher*, 894 S.W.3d 364 (Tex.Crim.App. 1995), even though this case was not decided until 1995, three years after he was sentenced.

1

According to Sweet, his 1988 convictions for robbery and burglary were set aside in 1991, meaning that his parole was set aside and could not be reinstated until he was again convicted. However, TDCJ records show that Sweet's convictions were not set aside, but served by Sweet in their entirety and discharged in 2003. As a result, *Ex Parte Hatcher* could not apply even were that case retroactive; *Hatcher* held that "a person who is reconvicted of an offense for which a previous conviction was set aside is entitled to all flat and good time credits accrued under that previous conviction," 894 S.W.2d at 365, but Sweet has not demonstrated and TDCJ records do not show that either or both of his prior convictions were ever set aside.

Sweet contends that the new offense of aggravated assault on a correctional officer was committed prior to the reinstatement of his parole and could not provide a valid basis to revoke his parole; thus, Sweet insists that it was improper to revoke his parole after the original convictions were vacated and to forfeit the flat time he had accrued prior to his original parole. His federal habeas corpus petition seeks to obtain all of the flat time credits accrued from April 20, 1988, until June 8, 1991.

Sweet filed a state habeas corpus application on December 29, 1992, and this was denied on October 6, 1993. He filed two time credit dispute resolution forms, in August 17, 2009, and May 5, 2015. After these were denied, Sweet filed a state habeas application challenging the denial of flat time credits. This application was denied on September 14, 2016. While his state application was pending, Sweet filed this federal habeas petition on August 3, 2016.

## II. The Respondent's Answer and the Petitioner's Response

The Respondent filed an answer asserting that Sweet's petition was barred by the statute of limitations.[1] Sweet filed a response arguing that his state habeas petition was filed in 1992, before

---

[1] The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides for a one-year statute of limitations in habeas corpus proceedings. As set out in 28 U.S.C. §2244(d), this one-year limitations period runs from the latest of the following: (1) the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which an impediment to filing created by state action in violation of the Constitution or laws of the United States is removed; (3) the date on which the constitutional right asserted was recognized

2

the limitations period was enacted, and that *Ex Parte Hatcher* was in effect at the time of his conviction. He stated that he took so long to seek federal habeas corpus relief because he was sick, he had eye surgery and a broken finger, he had family problems, and he had to do a lot of legal research.

Sweet also claimed that under the statute of limitations, "prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violation of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation." This is a quotation from §18 U.S.C. 3626(b)(3), which concerns limitations on the district court's authority to order prospective relief in prison condition cases and has no applicability to Sweet's case.

## III. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed as barred by the statute of limitations. The Magistrate Judge observed that Sweet knew of his claim in December of 1992, when he filed a state habeas application challenging the denial of flat time credits. The case which he cites, *Ex Parte Hatcher*, does not apply and in any event was decided in 1995. Both of these dates are prior to April 24, 1996, the date the statute of limitations was enacted.

The Magistrate Judge stated that under Fifth Circuit precedent, persons whose claims arose prior to the enactment of the statute of limitations have one year to seek federal habeas corpus relief, beginning on April 24, 1996. *United States v. Flores*, 135 F.3d 1000, 1005-06 (5th Cir. 1998). Sweet's limitations period began to run on that date and expired on April 24, 1997. The Magistrate

---

by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Judge determined that Sweet did not show any legal or equitable basis upon which to toll the limitations period and that Sweet plainly failed to exercise reasonable diligence.

**IV. Sweet's Objections to the Report**

In his objections, Sweet contends that he has not slept on his rights but has sought to pursue his rights by filing petitions and time credit resolution forms. He does not explain the almost 16-year gap between the denial of his first state habeas application in October of 1993 and the filing of his first time credit dispute resolution form in August of 2009. Such an extraordinary lapse of time plainly does not demonstrate reasonable diligence. This objection is without merit.

Sweet next contends that the Constitution prohibits the government from depriving persons of life, liberty, and property without due process of law. He cites *Wilson v. Iseminger*, 185 U.S. 55, 62, 22 S.Ct. 573 (1902) as stating that "all statutes of limitations must proceed on the idea that the party has full opportunity afforded him to try his right in the courts," but fails to show how this principle aids his case; Sweet plainly had more than ample time in which to seek federal habeas corpus relief but simply elected not to do so. This objection is without merit.

Sweet also cites cases from the Second Circuit discussing what constitutes a "reasonable time" after the AEDPA's enactment in which to seek habeas corpus relief. Like the Fifth Circuit, the Second Circuit provided that prisoners had one year after the AEDPA was enacted in which to seek habeas relief for claims arising prior to the enactment date of April 24, 1996. *Joseph v. McGinnis*, 150 F.3d 103, 104 (2nd Cir. 1998). Sweet signed his federal habeas corpus petition on August 3, 2016, over 20 years after the AEDPA was enacted. This plainly is not a "reasonable time." Sweet's objections are without merit. *See Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013); *accord*, *Nelms v. Johnson*, 51 F.App'x 482, 2002 U.S. App. LEXIS 21827 (5th Cir., September 30, 2002) (stating that "this court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by.")

## V. Conclusion

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 14) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Raymond Sweet is **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **22** day of **May, 2017.**

_____
Ron Clark, United States District Judge